MATTER OF J—P—

In EXCLUSION Proceedings

A–10692473

*Decided by Board March 19, 1962*

**Inadmissibility—Section 212(a)(14)(B)—Commuter status not affected.**

A returning resident alien commuter is inadmissible to the United States when
destined to employment with a firm concerning whom the Secretary of Labor
has issued a certification under section 212(a)(14)(B) of the 1952 Act.
However, this inadmissibility does not require termination of his status as
a commuter, nor is it a bar to his admission as a commuter when, and if,
destined to other than the prohibited employment.

EXCLUDABLE: Act of 1952—Section 212(a)(14) [8 U.S.C. 1182(a)(14)]—Alien
seeking to enter to work for employer as to whom Secretary
of Labor has issued certificate.

**BEFORE THE BOARD**

**DISCUSSION:** Appellant is 25 years old, married, male, a na-
tive and citizen of Mexico. He arrived at El Paso, Texas, on
January 8, 1962, and applied for admission as a returning resident
alien commuter, presenting a Form I–151, Alien Registration Re-
ceipt Card. Following an exclusion hearing, the special inquiry
officer ordered that he be admitted to the United States in the status
for which he had applied, and certified the case to this Board for
final decision. The District Director, El Paso District, files a brief
in opposition to the special inquiry officer's order.

Appellant was admitted to the United States on January 21, 1957,
at El Paso, Texas, as an immigrant, and since that time has been
entering as a commuter for employment when he has been able to
secure employment in this country. Appellant first began working
for Peyton Packing Company at El Paso in February 1960, and
worked for them intermittently from that time until the date of his
hearing in exclusion proceedings on January 10, 1962. On one occa-
sion he lost three or four months from work as the result of an
injury (necessitating an operation) suffered in the course of his
employment. On March 2, 1959, the Amalgamated Meat Cutters
and Butchers, AFL–CIO, struck the Peyton Packing Company. In

connection with this labor dispute and litigation arising therefrom, appellant has been laid off from time to time.

On petition by the union involved, the Secretary of Labor on October 20, 1959, issued a certification and advised the Attorney General as follows:

Pursuant to the provisions of section 212(a)(14)(B) of the Immigration and nationality Act, 66 Stat. 183, 8 U.S.C. 1182(a)(14)(B), I hereby determine and certify that the admission of any aliens to the United States for employment at the Peyton Packing Company of El Paso, Texas, during the strike presently in progress will adversely affect the wages and working conditions of workers in the United States similarly employed.

The union brought suit in the United States District Court naming the Attorney General and the Commissioner of Immigration as defendants to require these officers to enforce the aforesaid certification of the Secretary of Labor. The certification was ineffective from the viewpoint of the union, as the Service interpreted the provisions of section 212(a)(14) not to apply to commuter aliens (those who have been admitted for permanent residence, even though they continue to reside across the border), or to "returning lawfully domiciled resident aliens." The special inquiry officer refers to the decision of the court in this matter as "unreported." We cited the decision *Amalgamated Meat Cutters and Butcher Workmen of North America, AFL–CIO* v. *Rogers and Swing*, 186 F. Supp. 114 (D.C. D.C., 1960), in *Matter of C—C—*, A–12251617, reported at 9—387, but we had concluded that decision was not determinative of the case then before us.

It was the Board's opinion that *C—C—* (9—387) fell within "an ineligible class" solely because his prospective employer was, unknown to him, "an ineligible employer." The certification under section 212(a)(14)(B) did not make the alien ineligible to receive a visa except for his employment, and this condition depended, in turn, upon the ineligibility of the employer. We found that *C—C—* had cured the obstacle to his admission created by the ineligibility of his former prospective employer when he secured a different (eligible) employer and a new affidavit of support. Neither the decision of the special inquiry officer nor the brief of the district director in opposition thereto refers to *Matter of C—C—*, 9—387.

In *Amalgamated Meat Cutters and Butcher Workmen of North America, AFL–CIO* v. *Rogers and Swing, supra*, the court was aware of the history of the "commuter" class, and said:

. . . The defendants can utilize the documentary requirements and administrative procedures they think best under the applicable law for aliens who work in this country and live in Mexico or Canada. If the defendants are satisfied that an alien can enter the United States to work here, they could then permit the alien to commute. *But when the Secretary of Labor has*

*issued a certification under section 212(a)(14) pertaining to particular employment, such an alien would be excludable.* It is not sufficient to resort to an "amiable ·fiction" to justify a wholesale evasion of the Secretary's certification—Mexican commuters destined for the *employment covered by the certification* must be excluded just as any other Mexican nonresident alien. To do otherwise would be to permit administrative practice to make a shambles of a provision which, with section 101(a)(15)(H), was newly designed by the 1952 Act in order to assure "strong safeguards for American labor." (Emphasis supplied.)

The defendants urge *Matter of H—O, supra,*[1] upon the Court. . . Although the Board makes the broad statement that "the practice of considering commuters as permanent residents has not been disturbed by the act of 1952," the Board was not faced with the effect of a section 212(a)(14) certification upon the excludability of a commuter. Furthermore, stress is put upon the definition of "border crossing identification card" as given in section 101(a)(6), 8 U.S.C.A. 1101(a)(6), but the Court does not believe this provision . . . makes a commuter a resident of the United States, when it is clear that he is not, so as to permit his entry notwithstanding the certification of the Secretary of Labor.

The Court concludes, therefore, that "returning lawfully domiciled resident aliens" may enter the United States to work at the Peyton Packing Company, but that commuters are not within this class and should be excluded.[2]

The court said that Mexican commuters do not reside in the United States and that it is, therefore, not possible for them to be "aliens lawfully admitted for permanent residence," but this should not mean "that Mexicans or Canadians cannot commute to work in the United States," so long as they are not destined to an employer covered by a "certification."

Appellant testified that he and his wife moved to El Paso in order to remove themselves from the class of commuters, but, because the Peyton Packing Company was able to employ appellant only part time, his pay check, after deductions, was not sufficient to permit him to live in El Paso, except under the poorest conditions. Therefore, they returned to Juarez. He testified that he has unsuccessfully sought other employment.

*Amalgamated Meat Cutters and Butcher Workmen of America, AFL–CIO* v. *Rogers and Swing, supra,* precludes the Immigration Service from admitting respondent only if he is destined to employment with the Peyton Packing Company, so long as the Secretary of Labor's certification under section 212(a)(14) continues in effect. We see no reason why the formula used by us in *Matter of C—C—, supra,* is not applicable to the instant case. The certification does not make appellant ineligible to enter as a commuter worker, except for his employment. We find that termination of his "fictional resi-

---

[1] *Matter of H—O,* 'cited by Judge Youngdahl, was decided by the Board of Immigration Appeals (March 16, 1954), and is reported at 5—716.

[2] It is stated by the district director that Judge Walsh, in ruling finally in favor of the plaintiff, adopted Judge Youngdahl's opinion as part of his decision. Judge Walsh's ruling has not been reported, so far as we can discover.

654377—63——39

dence" in the United States is not required by the *Amalgamated Meat Cutters* decision, *supra*. Otherwise, he would have to start from the beginning to secure reentry documents, which should be an unnecessary hardship for the alien. If appellant is able to obtain other employment, and it is evident that he had no intention to abandon commuter status,[3] he should continue to be eligible for the commuter status.

It is the conclusion of the Board that the alien should be given permission to reapply for admission to the United States in commuter status if he seeks readmission for other than the prohibited employment. This is not to be considered as a general rule, but is to apply only to employees of the Peyton Packing Company, because the status of their commuter employees has been determined by a Federal court decision which we consider to be binding upon us.

**ORDER:** It is ordered that the order of the special inquiry officer be and is hereby reversed.

*It is further ordered* that the applicant be excluded as a returning resident alien commuter, so long as he is destined to employment with the Peyton Packing Company, El Paso, Texas.

*It is further ordered* that the appellant be given permission to reapply for admission as a commuter worker when, and if, he is destined to employment with an employer not covered by a certification of the Secretary of Labor under section 212(a)(14) of the Immigration and Nationality Act.

---

[3] *Matter of M—D—S*, 8—209, 214, details the circumstances under which an alien retains commuter status, even though he may be temporarily unemployed.