## MATTER OF SIQUEIROS

### In Exclusion Proceedings

### A–17176637

*Decided by Board May 24, 1978*

(1) The fact that a lawful permanent resident commuter is only working part-time in this country, while he attends a United States school, does not cause him to necessarily lose his lawful permanent resident status.

(2) Former commuter who lives in rented trailer while attending college, where he has regular part-time employment, and who visits family in Mexico on weekends, held to have established a residence in the United States and to be no longer a commuter.

EXCLUDABLE: Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—Immigrant—not in possession of a valid immigrant visa

ON BEHALF OF APPLICANT:  Timothy S. Barker, Esquire
Legal Aid Society of San Diego
1760 North Euclid Avenue
San Diego, California 92105

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

This is an appeal from a decision of an immigration judge dated June 2, 1977, finding the applicant inadmissible to the United States under section 212(a)(20) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(20), and ordering him excluded and deported from this country. The applicant has appealed from that decision. The appeal will be sustained and the applicant will be admitted to the United States.

The applicant is a 30-year-old native and citizen of Mexico who was admitted to the United States for lawful permanent residence on or about April 11, 1967. He worked as a farm laborer in this country, entering the United States either daily or seasonally, until March of 1976. At that time, he quit his job and was accepted to participate in the SER-Yuma Jobs for Progress program to study English as a second language. During the program he was paid $2.30 an hour and given an additional $5.00 a week allowance for his dependents. He completed the program on August 27, 1976, and in September of that year enrolled at Arizona Western College in Yuma. While attending school, he also worked approximately fifteen hours a week in the carpentry shop of the college. During the school's summer vacation he worked full time at the

same job. In March of 1977, he was able to rent a trailer in this country, in which he lived, visiting his family in Mexico on the weekends. At the time of the exclusion hearing, he was still living in the trailer in Arizona and attending college in Yuma.

The applicant last applied for admission to the United States as a lawful permanent resident returning from a temporary visit abroad by presenting his Form I-151, Alien Registration Card. An exclusion hearing was held on May 15, 1977, and at that hearing the immigration judge held that the applicant was not entitled to admission as a returning lawful permanent resident since he no longer qualified as a commuter, because his primary purpose in coming to the United States was no longer to work.

On appeal, the applicant argues that although he is no longer a farm worker and is attending college full-time, he has continued to work since he entered college and therefore still qualifies as a commuter, and should therefore not be excluded from the United States.

Title 8 of the Code of Federal Regulations, section 211.5 provides that an alien lawfully admitted to permanent residence may reside in a foreign contiguous territory and commute as a special immigrant as defined in section 101(a)(27)(A) of the Act, 8 U.S.C. 1101(a)(27)(A), to his place of employment in this country to engage in daily or seasonal work which, on the whole, is regular and stable. Section 211.5(b) of the regulations, however, specifies that an alien commuter who has been out of regular employment in the United States for a continuous period of six months, for other than reasons beyond his control, shall be deemed to have lost his status as an alien lawfully admitted for permanent residence.

The applicant resigned from his last full-time job as a laborer in March of 1976. During the time he was in the "SER-Yuma" work project, he was paid the amount of $2.30 an hour plus a small amount for his family. When he entered college in September 1976, he took a part-time job with the University, and in March of 1977 began to reside in the United States, only returning to Mexico on weekends to visit his family, who continued to live in Mexico because they did not have lawful permanent resident status in the United States.

Even if we were to consider the $2.30 an hour the respondent received while he participated in the "SER-Yuma" work program a stipend rather than payment for employment, we believe that the applicant's job in the work-study program at his college qualifies as regular and stable employment within the meaning of the regulations. The respondent went to work for the college within six months of when he left his last job as a laborer. His employment in the college carpentry shop, while only part-time, has been both stable and regular. We have held in the past that a commuter's employment to qualify need not be

full-time, but may be intermittent or part-time. See *Matter of Bailey*, 11 I. & N. Dec. 466 (BIA 1965, 1966); *Matter of J—P—*, 9 I. & N. Dec. 591 (BIA 1962).

In addition, we note that as of March 1977, within one year of when the applicant stopped working as a farm laborer, he had established a residence in the United States. Therefore at the time of the hearing, he was no longer a commuter. He had established a residence in the United States, and the fact that he visits his family in Mexico is not sufficient to make him a commuter. See *Matter of Silva*, Interim Decision 2457 (BIA 1975); *Matter of Hoffman-Arvayo*, 13 I. & N. Dec. 750 (BIA 1971).

We, therefore, believe that the applicant is admissible to the United States as a lawful permanent resident of the United States returning from a temporary visit abroad.

We also note that in cases such as this, where the validity of a commuter's status has been questioned, in exclusion proceedings, it would be proper to parole the applicant into the United States during the period his status is being adjudicated. See *Matter of Bailey, supra.*

**ORDER:** The appeal is sustained, and the applicant is admitted to the United States.